IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELBERT E. McNEIL, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | )    CIV-05-843-HE |
| v. | ) |
| | ) |
| ERIC FRANKLIN, Warden, | ) |
| | ) |
| Respondent. | ) |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his conviction for Manufacturing a Controlled Dangerous Substance (methamphetamine) After Former Conviction of Two or More Felonies entered in the District Court of Garvin County, Case No. CF-2003-212, for which Petitioner is serving a sentence of 21 years imprisonment. Respondent has responded to the Petition and filed the relevant state court records. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be DENIED.

I. Background

Records from the state criminal proceeding in Case No. CF-2003-212 reflect that

Petitioner was charged by information filed June 6, 2003 with the offense of Manufacturing a Controlled Dangerous Substance (methamphetamine).  In an amended information filed June 12, 2003, Petitioner was charged under Oklahoma's sentence enhancement statute with having committed the offense after two or more prior felony convictions. Response, Ex. 1 (docket sheet, Case No. CF-2003-212).  An attorney was appointed to represent Petitioner, and a preliminary hearing on the charge was conducted on September 12, 2003. Id. Petitioner's defense attorney filed motions prior to the trial, including a motion to suppress and a motion in limine. Id. A hearing on the motion to suppress was conducted on October 6, 2003, and the motion was denied. Id.  Petitioner filed a letter with the court seeking to represent himself at trial, which the court construed as a motion under Faretta v. California, 422 U.S. 806 (1975), to invoke his constitutional right to self-representation. Id.  At a hearing on the motion conducted October 17, 2003, Petitioner's motion to represent himself was granted and Petitioner's court-appointed attorney was discharged although an attorney was appointed to act "of counsel" to answer any legal questions posed by Petitioner. Id

   A jury trial in the case was conducted on October 20, 2003.  The jury rendered a guilty verdict on that date, and a "stage two" proceeding was conducted with respect to the habitual offender charge. Id.  The jury found Petitioner was guilty of committing the offense after two or more prior felony convictions and assessed a punishment of life imprisonment. Petitioner was sentenced accordingly, and Petitioner appealed the conviction with new, court-appointed appellate counsel. Id.  In his appeal, Petitioner contended that he had received an excessive sentence which should be modified and that the rule of sequestration

was violated when two witnesses who were present during the preliminary hearing were allowed to testify at Petitioner's trial. Response, Ex. 2 (Brief of Appellant, McNeil v. State, No. F-2003-1196). In a summary opinion, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's conviction and sentence. Response, Ex. 4 (McNeil v. State, No. F-2003-1196 (Okla. Crim. App. Oct. 12, 2004)(unpublished summary op.)). Petitioner's sentence was later modified to 21 years of imprisonment in a judicial review proceeding conducted in the district court in October 2004. Response, Ex. 1.

On January 14, 2005, Petitioner filed in the district court an application for post-conviction relief in which Petitioner asserted that he was arrested without probable cause in violation of his constitutional rights. Response, Ex. 5. Petitioner later amended his post-conviction application, raising additional claims for relief from his conviction. Response, Ex. 1. On February 22, 2005, the district court denied Petitioner's post-conviction application on the basis that Petitioner had procedurally waived the issues raised in his application by failing to raise them in his direct appeal. Response, Ex. 6. Petitioner appealed this decision, asserting as grounds for relief that his conviction was invalid because "evidence was planted" and "manipulated" by law enforcement officers, that his waiver of his right to assistance of trial counsel was "forged" and therefore invalid, that there was no probable cause to arrest him and his arrest and the subsequent search of his residence were therefore unconstitutional, and that there was insufficient evidence to support the conviction. Response, Ex. 7. On June 1, 2005, the OCCA entered an Order Affirming Denial of Post Conviction Relief. Response, Ex. 8 (McNeil v. State, No. PC-2005-260 (Okla. Crim. App. June 1,

3

2005)(unpublished op.)).  In its order, the appellate court found that Petitioner's procedural default on direct appeal of the claims presented in his post-conviction appeal operated as a waiver and precluded judicial review of the claims. Id.

II. Claims and Responses

In the instant Petition, Petitioner contends in grounds one and two that there was no probable cause to support his arrest and he was "seized by Officer Donnie Anderson in violation of his 14th Amendment" rights.  In ground three of the Petition, Petitioner contends that there was insufficient evidence presented in the "records" to support the conviction. Respondent contends that these grounds for relief are procedurally barred from federal habeas review as a result of Petitioner's procedural default due to his failure to raise the claims in his direct appeal.  Petitioner has replied to the Respondent's Response.  In his reply, Petitioner admits that the issues he presents in his Petition were not raised in his direct appeal.  As cause for his procedural default, Petitioner contends that his appellate counsel refused to raise these claims.  However, Petitioner admits that he did not raise a claim of ineffective assistance of appellate counsel in the state courts because he "never wished to attack or try to smear his appellate counsel in court" and that this omission should not prevent this Court's review of the merits of his claims. Petitioner's Response to Attorney General's Response, at 4.  Alternatively, Petitioner contends that he has been subjected to a miscarriage of justice and that he is "actually innocenct [sic]" because "he was illegally searched and was arrested as a result of this illegal search..." Petitioner's Response to the Attorney General's Response, at 3, 5.

III. Procedural Default

On habeas review, federal courts will not review claims that have been defaulted in state courts on an independent and adequate state procedural ground, unless the petitioner demonstrates cause for the default and actual prejudice, or alternatively demonstrates a fundamental miscarriage of justice. Bousley v. United States, 523 U.S. 614, 622 (1998); Sawyer v. Whitley, 505 U.S. 333, 338-339 (1992); Coleman v. Thompson, 501 U.S. 722, 750(1991); Hickman v. Spears, 160 F.3d 1269, 1271 (10th Cir. 1998).

"'A state court's finding is considered independent if it is separate and distinct from federal law.'" Klein v. Neal, 45 F.3d 1395, 1397 (10th Cir. 1995)(quoting Brecheen v. Reynolds, 41 F.3d 1343, 1353 (10th Cir. 1994), cert. denied, 515 U.S. 1135(1995)(internal quotations omitted)). "'A state court's finding is deemed to be adequate if it is applied evenhandedly; that is, if it is strictly or regularly followed.'" Id. (quoting Brecheen, 41 F.3d at 1353)(internal quotations omitted).

The record shows, and Petitioner concedes, that he did not raise any of the claims presented in his Petition in his direct appeal. The OCCA refused to review the merits of the same claims he presents herein due to Petitioner's procedural default of those claims by failing to raise them in his direct appeal. The OCCA's application of its well-established procedural bar rule in affirming the denial of Petitioner's post-conviction application is an independent and adequate state ground for the court's decision. See Johnson v. Champion, 288 F.3d 1215, 1227 n. 3 (10th Cir. 2002); Duvall v. Reynolds, 139 F.3d 768, 797 (10th Cir.), cert. denied, 525 U.S. 933 (1998). Consequently, Petitioner may avoid the application of the

procedural default doctrine in this Court to bar federal habeas review of his procedurally-defaulted claims only by showing both cause and prejudice for his state court procedural default or by alternatively showing that a fundamental miscarriage of justice excuses his procedural default in the state courts.

"'Cause' must be 'something external to the petitioner, something that cannot fairly be attributed to him....'" Steele v. Young, 11 F.3d 1518, 1522 (10th Cir. 1993)(quoting Coleman, 501 U.S. at 753). "Attorney error amounting to constitutionally ineffective assistance of counsel constitutes 'cause' for a procedural default." Hickman, 160 F.3d at 1272. However, "the principles of comity and federalism that underlie [federal courts'] longstanding exhaustion doctrine - - then as now codified in the federal habeas statute, see 28 U.S.C. § § 2254(b), (c) - - require *that* constitutional claim, like others, to be first raised in state court." Edwards v. Carpenter, 529 U.S. 446, 451-452 (2000)(emphasis in original).

In his reply to the Response, Petitioner first asserts that it was not necessary for him to address his procedural default in his post-conviction application because the provisions of the Oklahoma Post-Conviction Procedure Act, Okla. Stat. tit. 22, §1080-1089, do not apply to first or initial post-conviction applications. Petitioner provides no authority for this proposition, and the argument has no legal merit. See Steele, 11 F.3d at 1522 (recognizing Okla. Stat. tit. 22, "§ 1086 'strictly' prohibits raising issues that could have been raised before, even issues involving fundamental, constitutional rights").

Petitioner alternatively contends in his reply to the Response, although cryptically, that his appellate counsel's failure to raise the claims in his direct appeal constitutes cause

6

for his procedural default of the claims in the state courts. Assuming that Petitioner is asserting that constitutionally ineffective assistance of appellate counsel is cause for his state court procedural default,[1] Petitioner did not assert this claim of ineffective assistance of appellate counsel in the state courts. In Petitioner's brief filed in his post-conviction appeal, he asserted that his conviction should be vacated but he did not assert any reason for his failure to assert the same claims in his direct appeal. Response, Ex. 7. An applicant seeking a writ of habeas corpus must show that he has exhausted available state court remedies concerning every claim raised in his or her petition. 28 U.S.C. § 2254(b)(1)(A). Petitioner has failed to show that he has exhausted his claim of constitutionally ineffective assistance of appellate counsel in the state courts.

In Coleman, 501 U.S. at 735 n. 1, the Supreme Court concluded that if a habeas "petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," the claims are procedurally defaulted for purposes of federal habeas review. Because Petitioner did not raise a claim of ineffective assistance of appellate counsel in the state courts, that claim is technically unexhausted but procedurally defaulted where Oklahoma courts would hold the claim to be procedurally defaulted were Petitioner to raise the claim in a second post-conviction proceeding. See Moore v. Reynolds, 153 F.3d

---

[1] Petitioner's contention in his reply to the Response that a demonstration of constitutionally ineffective assistance of appellate counsel is "really irrelevent [sic] to the instant case" is a mistaken interpretation of Supreme Court jurisprudence. See Edwards, 529 U.S. at 451 (recognizing that "ineffective assistance adequate to establish cause for the procedural default is *itself* an independent constitutional claim")(emphasis in original).

1086, 1097 (10th Cir. 1998)(recognizing that in Oklahoma it is "firmly established" that any ground for relief not raised in an initial post-conviction application cannot form the basis for a second or subsequent post-conviction application), cert. denied, 526 U.S. 1025 (1999).

Pursuant to Coleman, Petitioner's procedurally-defaulted ineffective assistance of appellate counsel claim is barred from federal habeas review unless Petitioner demonstrates cause and prejudice for the default or a fundamental miscarriage of justice. Petitioner provides no explanation for his failure to raise a claim of ineffective assistance of appellate counsel in his post-conviction appeal. He has therefore failed to demonstrate the requisite "cause" for his procedural default of his ineffective assistance of appellate counsel claim.

"The fundamental miscarriage of justice exception is available 'only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence.'" Steele, 11 F.3d at 1522 (quoting Herrera v. Collins, 506 U.S. 390, 862 (1993)). Petitioner alleges only claims of legal, not factual, innocence based on errors in the admission of evidence at his trial and the absence of probable cause to arrest him. See Calderon v. Thompson, 523 U.S. 538, 558-559 (1998)(miscarriage of justice exception is concerned with actual, not legal, innocence). Petitioner has not presented any "reliable evidence not presented at trial" in support of his assertion of actual innocence. Schlup v. Delo, 513 U.S. 298, 324 (1995). In all of Petitioner's rambling allegations presented in his reply to the Response, Petitioner fails to point out that the arresting officer testified at Petitioner's trial he knocked on Petitioner's front door, when Petitioner answered the door he suggested to Petitioner that it smelled like Petitioner was "cooking dope," and that

Petitioner then stated he was not cooking methamphetamine but, rather, he was "just powdering it out." Response, Ex. 2 (McNeil v. Oklahoma, No. CF-2003-212 (Okla. Crim. App.)(Brief of Appellant, at 2)).  Thus, contrary to Petitioner's allegation that the officer arrested him based merely on a smell of ether coming from the direction of Petitioner's house, the probable cause for Petitioner's arrest was based not only on the smell of ether coming from the direction of Petitioner's house but also on Petitioner's own admission that he was in the process of manufacturing methamphetamine. Petitioner also conveniently fails to mention in his responsive pleading that he gave officers a written consent to search his residence and that during this search Petitioner pointed out to the officers where they could find the methamphetamine. Id., at 3.  Petitioner's assertion that particular photographs taken by the officers who conducted the search of his residence were somehow manipulated is unpersuasive.  Given the evidence admitted at Petitioner's trial, as presented in Petitioner's brief filed in his direct appeal, id., at 2-4, no reasonable juror would have entertained a reasonable doubt as to Petitioner's guilt. Petitioner has not shown a fundamental miscarriage of justice sufficient to excuse his procedural default of his ineffective assistance of appellate counsel claim.  Consequently, Petitioner has not shown cause for his procedural default of the claims asserted in his Petition. Because Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice, federal habeas review of the procedurally-defaulted claims asserted in his Petition is barred, and the Petition should be denied.

## RECOMMENDATION

Based on the foregoing reasons, it is recommended that the 28 U.S.C. §2254 Petition

for a Writ of Habeas Corpus be DENIED.  The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by December 19th     , 2005, in accordance with 28 U.S.C. §636 and LCvR 72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives their respective right to appellate review of both factual and legal issues contained herein.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this    29th        of       November       , 2005.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE